IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD NYTE AND KIMBERLY NYTE, )<br>as parents and next friends of C.N., deceased; )<br>NATHAN EVANS AND JACQUELYN EVANS, )<br>as parents and next friends of B.E. and P.E., )<br>deceased; JANETTE EVANS, as Special )<br>Administrator for the Estate of MELISSA EVANS, )<br>deceased; and JOSEPH BURTON, individually, )<br>                                                   )<br>     Plaintiffs,                                 )<br>                                                   )<br>                                                   )<br>v.                                                      )<br>                                                   )<br>KIDDE, INC., a subsidiary of CARRIER        )<br>GLOBAL CORPORATION, a foreign corporation, )<br>                                                   )<br>     Defendants.                            ) | Case No. CIV-22-275-PRW<br>_____<br>(Removed from Oklahoma County)\<br>Case No. CJ-2021-342) |

## DEFENDANT CARRIER GLOBAL CORPORATION'S
## NOTICE OF REMOVAL

Defendant Carrier Global Corporation ("Carrier") hereby gives notice of the removal of this action, Case No. CJ-2021-342, from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma. As grounds for removal, Carrier states that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and that all the claims and causes of action in this matter may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, Carrier alleges and states as follows:

### I. INTRODUCTION AND BACKGROUND

1. This action arises out of a fire at an apartment complex on January 27, 2019. On January 25, 2021, Plaintiffs commenced this action in the District Court of Oklahoma County by filing a Petition entitled *Richard Nyte and Kimberly Nyte as parents and next friends of C.N., deceased; Nathan Evans and Jacquelyn Evans, as parents and next friends of B.E. and P.E.,*

*deceased; Janette Evans, as special Administrator for the Estate of Melissa Evans, deceased; and Joseph Burton, individually, v. Kidde, Inc., a subsidiary of Carrier Global Corporation, a foreign corporation*, Case No. CJ-2021-342. (*See* Petition, attached as Exhibit 1.) Plaintiffs allege product-liability claims against Defendants.

2. Upon information and belief, on March 18, 2021, Plaintiffs tried to deliver to The Corporation Trust Company ("CT"), 109 Orange Street, Wilmington Delaware, via certified mail return receipt requested, a summons directed to Kidde, Inc. (*See* State Court Docket Sheet, attached as Exhibit 2.) But at that time, CT was not a registered agent of Kidde, Inc. because the legal existence of Kidde, Inc. terminated in 1990, as explained further below. No one signed the return receipt for this purported service on Kidde, Inc. (*See* Purported Kidde, Inc. Return of Service, attached as Exhibit 3.)

3. Upon information and belief, on April 5, 2021, Plaintiffs tried to deliver to American Incorporators Ltd., 1013 Centre Road, Suite 403-A, Wilmington, Delaware, via certified mail return receipt requested, a summons directed to Carrier. (*See* State Court Docket Sheet, Exhibit 2; Purported Carrier Return of Service, attached as Exhibit 4.) At that time, however, American Incorporators was not a registered agent of Carrier and was not authorized to receive certified mail or accept service on Carrier's behalf. Upon information and belief, on April 22, 2021, the purported service package was returned to counsel for Plaintiffs at their address in Edmond, Oklahoma because "the forwarding order for this address is no longer valid." (*See* USPS Tracking Information for Purported Service on Carrier, attached as Exhibit 5.) Carrier did not receive the summons Plaintiffs attempted to serve via mail on April 5, 2021.

4.  On March 21, 2022, Computershare Governance Services, Inc., an agent of Carrier, received a letter from counsel for Plaintiffs enclosing a copy of the Petition and purported proofs of service as to Kidde, Inc. and Carrier. (*See* Letter, attached as Exhibit 6.)

5.  Upon information and belief, there are no motions pending in this action in the state court. (*See* State Court Docket Sheet, Exhibit 2)

## II.  THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

6.  Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action because: (a) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (b) there is complete diversity between Plaintiffs and all properly joined Defendants. Thus, this action may be removed pursuant to 28 U.S.C. § 1441.

### A.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

7.  A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) (reiterating *Dart*'s plausible allegation requirement).

8.  The amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs, based on the nature of this case, which seeks wrongful death damages on behalf of four decedents' estates. (*See* Petition ¶¶ 16.) In addition, Plaintiff Joseph Burton alleges damages for "personal injuries and severe burns" and seeks to recover for "past and future medical expenses, past and future pain and suffering, past and future mental pain and suffering, lost wages, disfigurement, and all other damages recoverable under Oklahoma law." (*Id.* ¶ 18.) Plaintiffs also

seek an award of punitive damages in an unspecified amount. (*Id.* at ¶ 19.) These allegations, standing alone, satisfy the amount-in-controversy requirement in 28 U.S.C. § 1332(a).

9.      Further, Plaintiffs expressly allege that they seek damages "in an amount in excess of $75,000 . . . ." (*See id.* at 4.) "Generally, 'the amount sued for fixe[s] the amount in controversy' for jurisdictional purposes." *Huffman v. Saul Holding Ltd., P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *Wabash Ry. v. Vanlandingham*, 53 F.2d 51, 51 (8th Cir. 1931)); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (plaintiffs' allegation of damages binding unless it is a legal certainty plaintiffs cannot recover more than $75,000). Thus, Plaintiffs' demand for damages in excess of $75,000 shows that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1332(a).

10.     Based on the nature of Plaintiffs' allegations, their claims of serious damages, and their demand for punitive damages, the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Thus, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

**B.   COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND ALL PROPERLY JOINED DEFENDANTS**

11.     To invoke diversity jurisdiction for purposes of removal, under 28 U.S.C. §§ 1332 and 1441 (b), "a party must show that complete diversity of citizenship exists between the adverse parties[.]" *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

12.     Upon information and belief, Plaintiffs are, and at all relevant times were, domiciled in Oklahoma. (*See* Petition ¶¶ 2-5.) Accordingly, Plaintiffs are, and at all relevant times were, citizens of Oklahoma. *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 (10th Cir. 1966) ("For purposes of § 1332, a natural person is a citizen of the state in which they are domiciled.").

4

13. Carrier is, and at all relevant times was, incorporated under the laws of Delaware, with its principal place of business in Florida. Thus, Carrier is, and at all relevant times was, a citizen of Delaware and Florida. *See* 28 U.S.C. § 1441(c)(1).

14. Kidde, Inc. is a defunct entity that no longer exists and whose citizenship need not be considered in assessing diversity jurisdiction. When a plaintiff has no possibility of recovery against a defendant, courts will disregard the citizenship of that defendant in assessing complete diversity. *See Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006) ("If the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant, however, such defendant shall be considered fraudulently joined."); *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (holding fraudulently joined defendant is disregarded for purposes of diversity jurisdiction); *Atkins v. Heavy Petroleum Partners, LLC*, 635 F. App'x 483, 487 (10th Cir. 2015) (affirming denial of motion to remand where trial court found that the plaintiff could not establish a cause of action against the non-diverse party in state court). A court must "rest jurisdiction only upon the citizenship of real parties to the controversy." *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998).

15. Here, the Court need not consider the citizenship of Kidde, Inc. because it is a defunct entity against whom Plaintiffs have no possibility of recovery. "Capacity to sue or be sued is determined as follows: . . . (2) for a corporation, by the law under which it was organized . . . ." Fed. R. Civ. P. 17(b)(2). Kidde, Inc. was a corporation organized under the laws of Delaware. (*See* Petition ¶ 6.) Under Delaware law, "[w]hen any merger or consolidation shall have become effective under this chapter, for all purposes of the laws of this State the separate existence of all the constituent corporations, or of all such constituent corporations except the one into which the other or others of such constituent corporations have been merged, as the case may be, shall cease

and the constituent corporations shall become a new corporation, or be merged into 1 of such corporations, as the case may be . . . ." Del. Code Ann. tit. 8, § 259. "Since by statute, corporate existence is terminated on the date of merger, a corporation ceases to exist on merger for all purposes, including service of process, unless the legislature provides otherwise." *Beals v. Washington Int'l, Inc.*, 386 A.2d 1156, 1161 (Del. Ch. 1978) (internal citations omitted).

16. Kidde, Inc. merged into HM Holdings, Inc. on September 29, 1989.[1] (*See* Delaware Division of Corporations Record, attached as Exhibit 7.) Thus, under Delaware law as a "merged" entity, Kidde, Inc. has not existed since 1989. (*See id.*; Delaware Division of Corporations "Field Definitions" (defining "merged" meaning "A Certificate of Merger between 1 or more entities has been filed. This entity did not survive the merger but was merged into another entity."), attached as Exhibit 8.) Kidde, Inc. is not a legal entity able to be sued. *See Beals*, 386 A.2d at 1161-62 (quashing service of process on a corporation terminated by merger). And there is no possibility that Plaintiffs could ever recover from Kidde, Inc. *See Batty v. UCAR Int'l Inc.*, No. CV 2018-0376-KSJM, 2019 WL 1489082, at *5 (Del. Ch. Apr. 3, 2019) (dismissing an action brought against a corporation after it merged with another because "[h]aving no ongoing separate or distinct legal existence, the constituent corporations to a merger cannot be sued after the merger has closed"); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Stauffer Chem. Co.*, No. C.A. 87C-SE-11, 1991 WL 138431, at *3 (Del. Super. Ct. July 15, 1991) (same). Thus, the Court need not consider Kidde, Inc.'s citizenship for purposes of diversity jurisdiction.

17. In any event, complete diversity exists even considering Kidde, Inc. Kidde, Inc. has no principal place of business because it does not exist and has not existed for more than thirty

---

[1] Three other "Kidde, Inc." entities organized under Delaware law also were terminated by merger before the merger of Kidde, Inc. into HM Holdings, Inc. on September 29, 1989. (*See* Additional Delaware Division of Corporation Records, attached as Exhibit 9.)

6

years. If it is deemed a citizen of any state, it would be Delaware because Kidde, Inc. was a Delaware corporation before its existence terminated. (*See* Petition ¶ 6.)

18. Plaintiffs are citizens of Oklahoma, and Carrier is a citizen of Delaware and Florida. Defendant Kidde, Inc. is not properly joined because its existence has terminated, and it cannot be sued under Delaware law. However, to the extent Kidde, Inc. is a citizen of any state, it would be Delaware. Thus, complete diversity exists because no defendant shares the citizenship of any plaintiff.

19. Because there is complete diversity and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). This action is removable pursuant to 28 U.S.C. § 1441.

## III. CARRIER HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL

20. This notice of removal is timely under 28 U.S.C. § 1446(b) because Carrier has removed this action within 30 days after it received a copy of the Petition and Summons on March 21, 2022, when the same were delivered to Carrier's agent.

21. Plaintiffs' prior attempt to serve Carrier via certified mail on April 5, 2021, was invalid because American Incorporators was not Carrier's agent at the time of purported service. Under Oklahoma law, service may be made " upon a . . . foreign corporation . . . by delivering a copy of the summons and of the petition to an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process . . . ." Okla. Stat. Ann. tit. 12, § 2004(C)(1)(c)(3). As noted above, when Plaintiffs attempted to deliver the summons and petition to American Incorporators on April 5, 2021, it was not "an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process" on behalf of Carrier. Plaintiffs have known that since April 22, 2021, when the service package was returned to them by the postal service.

7

22. The one-year limitation on removal in 28 U.S.C. § 1446(c)(1) does not apply here. Under 28 U.S.C. § 1446(c)(1), a "case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action. . . ." By its express terms, however, 28 U.S.C. § 1446(c)(1) only applies to actions removed under 28 U.S.C. § 1446(b)(3)—i.e., actions where "the case stated by the initial pleading is not removable." *See* 28 U.S.C. § 1446(b)(3); *Thrasher v. Windsor Quality Food Co. Ltd.*, No. 13-CV-780-GKF-PJC, 2014 WL 1572411, at *2 (N.D. Okla. Apr. 18, 2014) (noting that "§ 1446(c)(1) imposes an outside limit of one year from 'commencement of the action' *for removal of cases under § 1146(b)(3)* 'unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action'.") (emphasis added)); *cf. Anderson v. Ford Motor Co.*, 303 F. Supp. 2d 1253, 1259 (W.D. Okla. 2004) (under a prior version of 28 U.S.C. § 1446(b), holding that the one year limitation "applies only to diversity cases not originally removable."); 16 Moore's Federal Practice - Civil § 107.140 (2022) (noting that a 2011 amendment to the statute "clarified that the limit applies only to cases that are not initially removable."). Here, Carrier does not seek removal under 28 U.S.C. § 1446(b)(3). Diversity jurisdiction over this action has existed since Plaintiffs filed their Petition. Plaintiffs simply failed to properly serve the Petition for more than a year. As such, the one-year limitation on removal does not apply because the case stated in the initial Petition was removable.

23. Venue is proper in this Court because the United States District Court for the Western District of Oklahoma is the federal district court and division within which this action is pending in state court. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 116(c).

24. For the same reasons the Court need not consider Kidde, Inc. when evaluating diversity, removal of this action does not require the consent of Kidde, Inc. because it is a defunct

entity that has not been properly joined or served. *See* 28 U.S.C. § 1446(b)(2)(A). Carrier need not (and cannot) obtain Kidde, Inc.'s consent to removal because that entity does not exist. *See, e.g., Wellgen Standard, LLC v. Maximum Legal Holdings, LLC*, No. 3:18-CV-00275, 2019 WL 1043395, at *2 (M.D. Tenn. Mar. 5, 2019) (collecting cases).

25. A copy of the written notice required by 28 U.S.C. § 1446(d) directed to the District Court of Oklahoma County and Plaintiffs is attached hereto as Exhibit 10, without exhibits. After filing this Notice of Removal in this Court and serving a copy on counsel of record for each party, Carrier will file a copy of this Notice in the State Court and serve a copy on counsel of record for each party.

26. A copy of all process, pleadings, and orders served upon Carrier in this action in the state court is attached hereto. (*See* Petition, Exhibit 1; Purported Kidde, Inc. Return of Service, Exhibit 3; Purported Carrier Return of Service, Exhibit 4.)

27. As required by LCvR 81.2(a), a copy of the Docket Sheet, Oklahoma County, Case No. CJ-2021-342, is attached as Exhibit 2.

28. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Carrier has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiffs are citizens of a different state from all properly joined Defendants.

29. Carrier reserves all defenses, including without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

**WHEREFORE**, Carrier Global Corporation respectfully removes this action from the District Court in and for Oklahoma County to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1441.

    Respectfully Submitted,

s/ Andrew L. Richardson
ANDREW L. RICHARDSON, OBA # 16298
KATELYN KING, OBA #33937
MCAFEE & TAFT
Williams Center Tower II
Two W. Second St., Suite 1100
Tulsa, Oklahoma 74103
(918) 587-0000
andrew.richardson@mcafeetaft.com
katelyn.king@mcafeetaft.com

*Attorneys for Defendant*
*Carrier Global Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send a notice of electronic filing to the following:

Paul M. Kolker
Timothy J. Prentice
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
paul@rkcglaw.com
brad@rkcglaw.com
tj@rkcglaw.com

*Attorneys for Plaintiffs*

s/ Andrew L. Richardson