IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

RICHARD NYTE AND KIMBERLY NYTE )
as parents and next friends of C███ N███, )
deceased; NATHAN EVANS AND JACQUELYN )
EVANS, as parents and next friends of B███ )
E███ AND F███ E███, deceased; )
JANETTE EVANS, as Special Administrator for )
the Estate of MELISSA EVANS, deceased; and )
JOSEPH BURTON, individually, )
)
Plaintiffs, )
)
v. )
)
KIDDE, INC., a subsidiary of CARRIER GLOBAL )
CORPORATION, a foreign corporation, )
)
Defendants, )

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 25 2021

RICK WARREN
COURT CLERK
95 _____

CJ-2021- **CJ-2021-342**

Judge Ogden

## PETITION

Plaintiffs, Richard Nyte and Kimberly Nyte, as parents and next friends of C███ N███, deceased, Nathan Evans and Jacquelyn Evans, as parents and next friends of B███ E███ and F███ E███, deceased, Janette Evans, as Special Executor for the Estate of Melissa Evans, and Joseph Burton, individually, for their Petition against Defendant Kidde, Inc., a subsidiary of Carrier Global Corporation, allege and state as follows:

1. This matter arises from a tragic apartment fire at Quail Ridge Apartments in Oklahoma City, Oklahoma County, Oklahoma during the early hours of January 27, 2019.

2. Plaintiffs, Richard and Kimberly Nyte, are the parents and next friends of C███ N███, deceased, and are residents of Guthrie, Logan County, Oklahoma.

3. Plaintiffs, Nathan and Jacquelyn Evans, are the parents and next friends of B███ E███ and F███ E███, deceased, and are residents of Guthrie, Logan County, Oklahoma.

Exhibit

1

4. Janette Evans is the mother and special administrator of the Estate of Melissa Evans, and is a resident of Guthrie, Logan County, Oklahoma.

5. Joseph Burton is an individual residing in Shawnee, Pottawatomie County, Oklahoma.

6. Kidde, Inc. is a subsidiary of Carrier Global Corporation. Both companies are incorporated in the State of Delaware.

7. Kidde, Inc. is the manufacturer and distributor of various fire warning devices, such as smoke detectors.

8. Decedent Melissa Evans was a resident of Quail Ridge Apartments as of January 27, 2019. Decedents C█████ N███, B█████ E███, and P█████ E███ were guests of Decedent, Melissa Evans, their Aunt. Plaintiff Burton was guest of and was living with Melissa Evans at the time of the fire.

9. On or about the early morning of January 27, 2019, a fire began in the building in which decedent Evans' apartment was located. The fire spread throughout the building, and, upon information and belief, as the fire spread, no smoke detectors in any of the multiple affected units (if there were any) were triggered. Other residents/guests in other units were able to escape the fire only because a passer-by began going door-to-door to awake occupants and alert them to the emergency. By the time the passer-by got to the apartment occupied by Plaintiffs, there was no means of escape for all occupants within the apartment. Burton was able to jump from the balcony with the intent of catching the minor decedents as they jumped and/or were lowered by Decedent Melissa Evans, but tragically the smoke and fire prevented Melissa, C████, B████, and P████ from escaping.

2

10. Joseph Burton sustained personal injuries and severe burns as a result of the flames and his efforts to escape.

11. Upon information and belief, the smoke detectors within the various apartment units affected by the fire on January 27, 2019 at Quail Ridge Apartments, including the apartment unit of Plaintiffs, were manufactured and distributed by Kidde, Inc.

12. The smoke detector in the apartment occupied by Plaintiffs did not sound and/or did not provide adequate warning of the fire.

13. The smoke detector in the apartment occupied by Plaintiffs was either defectively designed and/or manufactured.

14. The smoke detector in the apartment occupied by Plaintiffs did not have adequate warnings of the known defect in the same.

15. Kidde, Inc. was aware of the known defect in the smoke detector at issue, and manufactured and distributed the same with full knowledge the smoke detector does not meet industry standards, thus prioritizing profits over safety.

16. Melissa Evans, C███ N███, E███ E███, and P███ E███ died as a direct result of Defendants' negligence, and Plaintiffs are therefore entitled to recover all damages for wrongful death as allowed pursuant to 12 O.S. § 1053, as well as any and all other damages allowable under Oklahoma law.

17. Melissa Evans' personal property, including but not limited to her car, television, clothes, furniture, and other personal items were destroyed in the fire, and her estate is therefore entitled to recover damages for the value of those items.

18. Plaintiff Joseph Burton sustained personal injuries and severe burns as a result of

3

Defendants' negligence and is entitled to recover damages including, but not limited to, past and future medical expenses, past and future pain and suffering, past and future mental pain and suffering, lost wages, disfigurement, and all other damages recoverable under Oklahoma law.

19. Finally, Defendants' conduct constitutes gross negligence and/or reckless disregard for the lives and welfare of users of their products, and Plaintiffs are therefore entitled to recover punitive damages herein.

WHEREFORE, premises considered, Plaintiffs request judgment be entered in their favor in an amount in excess of $75,000.00, along with pre-judgment interest, costs of this action, attorney fees, and all other damages recoverable as a matter of law.

Respectfully submitted,

Paul M. Kolker, OBA No. 18749
Timothy J. Prentice, OBA No. 22689
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       paul@rkcglaw.com
             brad@rkcglaw.com
             tj@rkcglaw.com
**ATTORNEYS FOR PETITIONER**

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**

4